# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARK SMITH, | Civil No. 3:18-cv-131 |
| Plaintiff | (Judge Mariani) |
| v. | |
| JOHN WETZEL, VINCENT E. MOONEY, MELISSA MYERS, | |
| Defendants | |

FILED SCRANTON
JAN 2 9 2018
PER _____ DEPUTY CLERK

## MEMORANDUM

On January 18, 2018, Plaintiff Mark Smith ("Plaintiff"), an inmate currently confined at the Retreat State Correctional Institution, in Hunlock Creek, Pennsylvania, initiated this civil rights action pursuant 42 U.S.C. § 1983, challenging his alleged illegal imprisonment. (Doc. 1). Named as Defendants are John Wetzel, Secretary of the Department of Corrections, Melissa Myers, Records Specialist at the Department of Corrections, and Vincent Mooney, Warden at SCI-Retreat. At the same time he filed the complaint, Plaintiff filed a motion for leave to proceed *in forma pauperis*. (Doc. 2). The complaint is presently before the Court for preliminary screening pursuant to 28 U.S.C. § 1915A(a). For the reasons set forth below, the motion to proceed *in forma pauperis* will be granted, and the complaint will be dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

I.  **Screening Provisions of the Prison Litigation Reform Act**

The Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996), authorizes a district court to review a complaint in a civil action in which a prisoner is proceeding *in forma pauperis* or seeks redress against a governmental employee or entity. See 28 U.S.C. § 1915(e)(2),[1] 28 U.S.C. § 1915A.[2] The Court is required to identify cognizable claims and to *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B), 28 U.S.C. § 1915A(b). This initial screening is to be done as soon as practicable and need not await service of process. See 28 U.S.C. § 1915A(a).

II.  **Factual Background**

In this civil rights action, Plaintiff alleges that his imprisonment is illegal and his

---

[1]  Section 1915(e)(2) of Title 28 of the United States Code provides:

(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
    (A) the allegation of poverty is untrue; or
    (B) the action or appeal --
        (i) is frivolous or malicious;
        (ii) fails to state a claim on which relief may be granted; or
        (iii) seeks monetary relief against a defendant who is immune from such relief.

[2]  Section 1915A(b) of Title 28 of the United States Code provides:

(b) On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--
    (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
    (2) seeks monetary relief from a defendant who is immune from such relief.

sentence has been illegally extended from one to three years, to one to six years. (Doc. 1). For relief, Plaintiff seeks release from confinement and damages for the alleged illegal imprisonment. (*Id.* at p. 5).

III. **Discussion**

When seeking to impose liability due to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, the appropriate remedy is a civil rights action. See *Leamer v. Fauver*, 288 F.3d 532, 540 (3d Cir. 2002). However, when a prisoner challenges either the fact or duration of his confinement, the appropriate remedy is a petition for writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 45, 494 (1973); *Tedford v. Hepting*, 990 F.2d 745, 748 (3d Cir. 1993). "The underlying purpose of proceedings under the 'Great Writ' of habeas corpus has traditionally been to 'inquire into the legality of the detention, and the only judicial relief authorized was the discharge of the prisoner or his admission to bail, and that only if his detention were found to be unlawful.'" *Leamer*, 288 F.3d at 540 (quoting *Powers of Congress and the Court Regarding the Availability and Scope of Review*, 114 Harv.L.Rev. 1551, 1553 (2001)).

Careful review of the complaint reveals that Plaintiff is challenging the duration of his confinement, and such a challenge must proceed in a petition for writ of habeas corpus. *Williams v. Cosovoy*, 453 F.3d 173, 177 (3d Cir. 2006). It is well-settled that prisoners cannot use § 1983 to challenge the fact or duration of their confinement or to seek

3

immediate or speedier release. See *Preiser*, 411 U.S. 475. Because Plaintiff is seeking release from custody and challenging the legality of his incarceration, the appropriate remedy is a petition for writ of habeas corpus. See *Leamer*, 288 F.3d at 540 (federal habeas corpus review is available where the deprivation of rights "impacts the fact or length of detention").

Furthermore, the claim for money damages under the Eighth Amendment cannot proceed. Unless a plaintiff has already successfully challenged his confinement in an appropriate way, a civil rights complaint cannot proceed as long as it calls into question the validity of the confinement. In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court clarified the interplay between habeas and civil rights claims. The *Heck* Court ruled that a section 1983 claim for damages does not accrue "for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," until the plaintiff proves that the "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 486-87 (footnote omitted).

*Heck* has been extended to requests for declaratory and injunctive relief. See *Edwards v. Balisok*, 520 U.S. 641 (1997) (finding that *Heck* bars a section 1983 action seeking damages and declaratory relief which challenges a prison disciplinary hearing

forfeiting good time credits). As the Supreme Court explained in *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) (emphasis in original): "a state prisoner's § 1983 action is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – *if* success in that action would necessarily demonstrate the invalidity of the confinement or its duration." The Third Circuit summarized the holding of *Heck* as follows: "where success in a § 1983 action would implicitly call into question the validity of conviction or duration of sentence, the plaintiff must first achieve favorable termination of his available state or federal habeas remedies to challenge the underlying conviction or sentence." *Williams*, 453 F.3d at 177.

In the case at bar, *Heck*'s favorable-termination rule applies because Plaintiff's complaint calls into question the correct duration of his confinement. *See, e.g., Benson v. New Jersey State Parole Board*, 947 F.Supp. 827, 833 (D.N.J. 1996) (*Heck* bars a Section 1983 claim seeking declaratory relief and punitive damages premised on the denial of a timely parole hearing and the allegedly erroneous calculation of a parole eligibility date until the plaintiff succeeds in a state appellate court or federal habeas proceeding). The favorable-termination rule applies to Eighth Amendment claims under *Sample v. Diecks*, 885 F.2d 1099 (3d Cir. 1989), which bars such claims until the plaintiff's purported confinement beyond his maximum sentence "has been invalidated by state authorities, the

5

state court or by issuance of a writ of habeas corpus." Owens v. Ortiz, 2005 WL 1199066, at *3 (D.N.J. May 19, 2005); see also Mosch v. Brown, 2006 WL 2711637, at *3-4 (D.N.J. Sept. 20, 2006) (damages claims for confinement in excess of plaintiff's maximum term not cognizable under Heck when plaintiff failed to aver that the confinement had been deemed excessive by a state court or by a successful habeas petition). Consequently, Plaintiff's complaint fails to state a claim and will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).[3]

A separate Order shall issue.

Date: January 24, 2018

Robert D. Mariani
United States District Judge

---

[3] Before dismissing a complaint for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. § 1915A, the Court must grant the Plaintiff leave to amend his complaint unless amendment would be inequitable or futile. See Grayson v. Mayview State Hospital, 293 F.3d 103, 114 (3d Cir. 2002). Because Plaintiff's alleged illegal confinement has not been invalidated or deemed excessive, granting leave to amend would be futile.